[Civil No. 3084. Filed November 30, 1931.]

[5 Pac. (2d) 415.]

## C. R. CLARK, Appellant, v. W. G. MATLEY, Appellee.

Mr. Dodd L. Greer, for Appellant.

Mr. Isaac Barth, for Appellee.

LOCKWOOD, J.—This is a suit by W. G. Matley, hereinafter called plaintiff, against C. R. Clark, hereinafter called defendant, for damages for the alleged breach of a contract for the exchange of real estate. It grew out of the same contract and circumstances appearing in the case of *Clark* v. *Adams, ante,* p. 257, 5 Pac. (2d) 413, and in the lower court the cases were consolidated for the purpose of trial, and it was agreed that the evidence in the first named

case should be considered by the court for the purpose of determining the present one. Reference is hereby made to *Clark* v. *Adams, ante,* p. 257, 5 Pac. (2d) 413, for the facts in this case.

There are some six assignments of error, but we need not consider the second and third, as they are disposed of by our opinion in *Clark* v. *Adams, ante,* p. 257, 5 Pac. (2d) 413. The first is that the complaint does not state facts sufficient to constitute a cause of action. Aside from one point disposed of in *Clark* v. *Adams, ante,* p. 257, 5 Pac. (2d) 413, the objection seems to be that while the complaint alleges a certain sum as damages, it does not allege the sum was not paid. While there is authority that in an action to pay money, nonpayment must be alleged, this certainly is not true in a·suit for damages for breach of a contract like the one in question. 6 California Jurisprudence, p. 484.

The other three assignments refer to various items of damages allowed by the trial court. The three items to which objection is made are: (1) A commission which plaintiff alleged he was bound to pay his broker on account of the sale; (2) loss of rent incurred by plaintiff by reason of his lowering the rental price of his premises under the instructions of defendant after entering into the contract; and (3) $18 for expenses incurred in changing a certain mortgage existing at the time of the contract. So far as the first item is concerned, when the contract of exchange was executed plaintiff became obligated to pay the commission in question to his broker. In an action of tort, where a legal liability to pay for services made necessary by reason of the tort exists, it is a proper element of damages, regardless of whether the sum has actually been paid or not. 8 R. C. L., p. 500, and cases cited. And we think in reason a

liability incurred solely because of the contract of exchange is in the same category.

It appears that after the agreement of exchange was made, defendant directed plaintiff to lower the rents on the premises belonging to the latter, and which he was to exchange with defendant, to a figure below what plaintiff was then receiving for them. Plaintiff also testified that after once lowering the rents it would have been impossible to raise them again and retain the tenants. If this be true, and we must assume the trial court so found it to be, plaintiff was justified in including the loss of rent at the lower figure up to the date of the complaint.

The item of $18 for changing the mortgage on the premises should have been $15, as contended by defendant, and the judgment was therefore excessive in the sum of $3. This point, however, was not referred to in the motion for new trial, and for this reason, especially since the amount is such a trivial one, we decline to consider it as grounds for reversing the case.

There being no material error in the record, the judgment of the trial court is affirmed.

McALISTER, C. J., and ROSS, J., concur.