[Civil No. 3083. Filed November 30, 1931.]

[5 Pac. (2d) 413.]

C. R. CLARK, Appellant, v. PAUL F. ADAMS, Appellee.

Mr. Dodd L. Greer, for Appellant.

Mr. Isaac Barth, for Appellee.

LOCKWOOD, J. — Paul F. Adams, hereinafter called plaintiff, brought suit against C. R. Clark, hereinafter called defendant, to recover a commission which plaintiff claimed he had earned as a licensed real estate broker by reason of securing a purchaser for certain property of defendant. The case was

tried before the court, which rendered a judgment in favor of plaintiff for the amount prayed for, and after the usual motion for a new trial was overruled, this appeal was taken.

The evidence, taken in the strongest manner in favor of plaintiff, as we must take it under the judgment of the trial court and the oft-repeated rule of this court in such circumstances, shows the facts to be as follows: About August 1, 1930, defendant was the owner of certain property situated in Apache county, and plaintiff was a duly licensed real estate broker in Phoenix, Arizona. Defendant employed plaintiff to sell for him the property in Apache county, and the latter thereafter found a buyer in the person of one W. G. Matley, who owned some property in Tempe, Arizona. On the second day of August defendant and Matley met and entered into a written agreement for the exchange of their property, which agreement was signed by defendant and his wife, and by Matley, and which expressly provided that defendant should pay plaintiff a commission of $775. Shortly thereafter defendant declined to complete the deal, and this suit was brought.

The foregoing facts are undisputed. Defendant, however, in his answer and in his testimony at the trial, claimed that he had executed the agreement subject to a confirmation or rejection by telegraph, and that in due time he rejected it. Copies of the agreement produced at the trial did show this condition written therein. Matley and several other witnesses who were present at the execution of the agreement testified, however, that at the time it was signed by defendant and Matley such condition did not appear therein, but that it was added subsequently thereto by defendant without Matley's knowledge or consent, and the trial court by its judgment evidently accepted the testimony of Matley as true,

and following our oft-repeated rule, we must also so accept it.

There are six assignments of error which we will discuss in the order which seems advisable. The first is that although the case was tried in Apache county where defendant resided, the complaint was entitled "In the Superior Court of Maricopa County." The record was conclusive that the suit was actually commenced in Apache county, that all the other pleadings were entitled "In the Superior Court of Apache County," and that it was never suggested during the trial that the venue was improperly laid in the complaint. We think it is obvious that the mistake in the caption of the complaint was purely a clerical one, and the error is too technical and trivial to require any consideration, since no one was misled thereby.

The second assignment is that the court erred in admitting Plaintiff's Exhibit No. 1, being an agreement listing defendant's property for sale and stating the amount of the commission, on the ground that the plaintiff herein was Paul F. Adams individually, while the agreement referred to was signed "Paul F. Adams & Co." The agreement referred to was not the one upon which the suit was based. It was offered merely for the purpose of showing an employment to sell, and we think was admissible for this purpose. But even if the admission were erroneous, it could not have prejudiced the defendant, for he admitted the employment of plaintiff, and the amount of commission agreed to be paid. The agreement of exchange between defendant and Matley contains the specific promise by defendant to pay Adams personally the commission of $775. This disposes also of the fourth assignment of error, to the effect that it appears that plaintiff was not the real party in interest.

The third assignment of error is that the court permitted counsel for plaintiff to make a purported statement of facts over the objection of the defendant during the progress of the trial. We have examined the statement, and think it a proper one for an attorney to make to the trial court as an explanation of his theory of the case. Certainly defendant could not have been prejudiced thereby.

The sixth assignment of error is that the court allowed counsel to intimidate defendant while he was on the witness-stand. We have carefully examined the portion of the reporter's transcript which it is alleged sustains this assignment, and are of the opinion that it is not justified by the record.

The fifth assignment is the general one that the judgment is contrary to law, and is presumably based on the others. Under this there is presented the only question in the case worthy of serious consideration. Two of the provisions of the contract of exchange read as follows:

"And it is hereby agreed: First—That in the event said purchaser shall fail to pay the balance of said purchase price or complete said purchase as herein provided, the amounts paid hereon shall be retained as liquidated and agreed damages. . . .

"I agree to sell the above described property on the terms and conditions herein stated and agree to pay the above signed agent as commission the sum of —— dollars, or one-half the deposit in case same is forfeited by purchaser, provided the same shall not exceed the full amount of the commission."

It is urged that these provisions, taken together, amount to an agreement that the only result in case the purchaser failed to complete his contract was that Matley could retain the amount already paid as liquidated damages, and that one-half of such amount should be paid to plaintiff as his commission under such circumstances, so that defendant, even though he

failed to complete his contract, would not be liable for the agreed commission, and defendant cites us to the cases of *Armstrong* v. *Irwin,* 26 Ariz. 1, 32 A. L. R. 609, 221 Pac. 222, and *Weatherford* v. *Adams,* 31 Ariz. 187, 251 Pac. 453, as sustaining this contention.

In the cases above cited we held that under a contract of purchase and sale containing a clause like the one first above quoted, where a certain amount had been paid on the contract by the vendee and the latter then failed to complete the contract, the only remedy of the vendor was to retain the amount already paid. It appears that the original contract herein was upon the ordinary printed deposit receipt used by the Phoenix Real Estate Board for agreements of purchase and sale, and the conditions above quoted are part of the printed form, and were not written in at the time of the agreement between the parties. It also appears that no deposit or payment on account was ever made or intended to be made, but that the agreement was in reality one of exchange in which no money was actually to change hands between the parties. Under these circumstances we think the rule laid down in the two cases cited is not applicable, nor could it have been the intention of the parties that it should be, and they are therefore relegated in case of a breach of the contract to the ordinary remedy of an action for damages. The fifth assignment of error is not well taken.

Upon the whole case it appears that no material error was committed and that the judgment of the trial court was sustained by the evidence.

Such being the case, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.