[Civil No. 3388. Filed April 9, 1934.]

[31 Pac. (2d) 499.]

FRANCES HUMPHREYS LOCKETT, Formerly FRANCES HUMPHREYS, Appellant, v. L. W. DRAKE and NATIONAL UNION INDEMNITY COMPANY, a Corporation, Appellees.

358

Mr. Herman Lewkowitz and Mr. J. B. Zaversack, for Appellant.

Mr. C. H. Young and Mr. Paul J. Feehan, for Appellees.

LOCKWOOD, J. — Frances Humphreys Lockett, hereinafter called plaintiff, brought suit against L. W. Drake and National Union Indemnity Company, a corporation, to recover from Drake a certain sum paid him as commission upon a realty transaction in which he was the broker. The case was tried to the court, and, judgment being rendered in favor of defendants, this appeal was taken. The sole question is whether on the facts, which are not seriously in dispute, the court was correct in its judgment as a matter of law. These facts may be briefly stated as follows:

In 1931 plaintiff was the owner of certain real estate located in North Evergreen addition to Phoenix, upon which was erected an apartment house. At the same time one G. F. Barnes owned real estate in the Linville addition to the same city. Drake was a licensed real estate broker, the National Union Indemnity Company being the surety on his statutory bond, and Lockett and Barnes had separately asked him to secure a customer for a sale or exchange of their respective properties. He brought the two together, and they entered into a written agreement for an exchange of the real estate above described. This agreement consisted of a detailed

proposition of exchange made by Barnes and signed by him and an acceptance by plaintiff in the following language:

"This agreement witnesseth: That Frances Humphreys of Phoenix, owner of the (second piece) of property described within, hereby accept the proposition of exchange made therein, and upon the terms therein stated, and agree to furnish a Certificate of Title or Guaranteed Title Policy within 30 days showing the title to said property vested in Frances Humphreys and then to furnish a good and sufficient Deed conveying title to said property to G. F. Barnes or assigns or his representatives.

"And I further agree to pay Shedd & Drake the sum of 5% commission on the sale or exchange price above stated on the (second piece) of property described."

The Phoenix Title & Trust Company was then made by both parties an escrow-holder, with instructions as to how the necessary details to complete the exchange were to be carried out. After the above agreement was signed, but before title was passed, Drake asked plaintiff to pay him the commission due him by the terms of her agreement, and she did pay him $1,250 on account.

Thereafter Barnes, coming to the conclusion that he would be unable to finance the exchange properly, refused to proceed in accordance with its terms. Drake advised plaintiff that she had the right to compel Barnes to live up to the agreement by a suit for specific performance, but she declined to take that course, for the reason, as she said, "she did not want to buy a law suit." Thereafter, Barnes being in default on the agreement, she notified the escrow company that she desired a cancellation of the escrow, and brought this suit to recover from Drake the commission she had already paid him.

She bases her claim for recovery on two propositions: First, that the commission was not due until

after the exchange of the properties had been completed, and title and possession both had passed; and, second, that Drake had promised to repay to her the amount of the commission which he had received if the exchange was not fully consummated. It is the almost universally-accepted rule of law that, in the absence of a specific contract to the contrary, when a real estate broker has brought together the parties to a sale or exchange of real estate, and they have agreed fully on the terms and entered into a binding contract for such sale or exchange, his duties are at an end and his commission is fully earned, and it is immaterial that the parties to the contract rescind mutually or that one or the other thereof defaults and the sale or exchange is not fully effected. *Clark* v. *Adams,* 39 Ariz. 257, 5 Pac. (2d) 413; *Clark* v. *Matley,* 39 Ariz. 263, 5 Pac. (2d) 415; *Severin* v. *Latz,* 36 Ariz. 496, 287 Pac. 300; *Jauman* v. *McCusick,* 166 Cal. 517, 137 Pac. 254. Plaintiff urges that the language, ''I further agree to pay Shedd & Drake the sum of 5% commission on the sale or exchange price above stated on the (second piece) of property described,'' is an agreement that the commission shall not be paid until the exchange was fully completed. We cannot agree with her in this contention. If the word ''price'' had been left out, it might perhaps be plausibly argued that the commission was due only when the exchange had been consummated, but with that word in, we think it was clearly intended that the payment should be made according to the ordinary rule of law applying to such cases, and be computed upon the ''exchange price'' of $38,000 set forth in the agreement.

It is urged by plaintiff that, if the law be as we have stated it, a real estate broker may defraud a client by producing a purchaser who agrees to take the property, when to his prior knowledge the purchaser has neither the intention nor the ability to

complete the contract, and thus through collusion defraud his client of the amount of his commission. Plaintiff overlooks the rule of law that fraud vitiates every transaction to which it is an essential part, and that, under the circumstances suggested by her, an action for fraud would lie against both the broker and the purchaser.

In the case at bar it is true there were allegations in the complaint that Drake, at the time he received his commission, knew that Barnes would not complete the transaction, and that he represented that it would be completed with an intent fraudulently to deceive plaintiff. But it is not alleged that Drake made any fraudulent representations or indeed had any knowledge, at the time the agreement of exchange was made, that Barnes was not ready, able, and willing to complete such contract. Such being the case, and his commission being fully earned when the contract was signed, if it afterwards came to his knowledge that Barnes was unable to complete the contract and he made false representations to plaintiff in regard to that fact, it would be immaterial, for the commission was then due, regardless of the future actions of Barnes in regard to the completion of the contract, and no representations on that subject, false or otherwise, could affect the liability of plaintiff to pay to Drake his already earned commission. In the second place, the evidence completely fails to show any fraud or fraudulent representations on the part of Drake in regard to the unwillingness of Barnes to comply with his contract. On the contrary, plaintiff herself testified that Drake insisted at all times that Barnes was legally bound to complete the deal, and that she could compel him to do so, and there is no reason apparent on the face of the record why a suit for specific performance could not have been successfully maintained by her. It is true that she declined to bring the suit because

she did not wish to "purchase a law suit," and her action in this respect may have been wise, but this could not affect Drake's rights. She claims that he told her that, if the deal did not go through, he would return the amount paid on the commission, but, since she already owed it, a promise of that nature, even if made, was without consideration and void. *Pleasant* v. *Arizona Storage & Distributing Co.*, 34 Ariz. 68, 267 Pac. 794.

It is unfortunate indeed that plaintiff is compelled to pay a commission, when the services of the broker did not produce the result which she anticipated, but, since she accepted the proposition made to her by Barnes, and declined, for reasons satisfactory to herself, to take the steps necessary to enforce the exchange, the broker cannot be denied his right to his commission.

The judgment of the superior court of Maricopa county is affirmed.

ROSS, C. J., and McALISTER, J., concur.