437 P.2d 925

George E. ARTHEN, Sr., and Iva E. Arthen, his wife, Appellants,

v.

Thelma M. CHILLEEN, dba Chilleen Realty Company, Appellee.

No. 8616.

Supreme Court of Arizona.

In Banc.

Feb. 29, 1968.

Foster G. Mori and Allen L. Feinstein, Phoenix, for appellants.

Caine, Brigham & Hocker, Tempe, and Chas. M. Brewer, Phoenix, for appellee.

UDALL, Vice Chief Justice:

The instant matter is before this Court on appeal from the judgment entered by the Superior Court, Maricopa County, awarding Thelma Chilleen dba Chilleen Realty Co. $3294 plus costs in an action against George and Iva Arthen for the collection of a brokerage fee.

The Arthens, hereinafter referred to as sellers, owned certain real property which

**134**

they listed for sale with Chilleen Realty at the amount of $54,900.00 or more. Chilleen negotiated the sale of said property on the terms and conditions agreed upon by sellers. Included in the agreement entitled "Real Estate Agent Contract for Sale" were the following two paragraphs:

"III. That if the title to the above property be defective, ninety (90) days from the date hereof will be given Seller, to perfect the same. If said title cannot be perfected within said time the earnest money receipted for herein shall at the option of the buyer, and upon his demand, be returned to the Buyer.

*　*　*　*　*　*

"VIII. That the Seller agrees to pay the above named broker as a commission for procuring the sale, the sum of $ 6% or one-half (½) of the earnest money deposit in the case same is forfeited by the Buyer, provided same shall not exceed the full amount of the fee. Escrow agent is instructed to pay said sum to agent from funds in escrow."

The contract originally recited the name of "Norcraft Phoenix bldger" as seller, but this name was lined through and the name of George Arthen inserted above it. The contract was then signed by both of the sellers and by Mr. and Mrs. Friery in August or September 1962.

Thereafter, the sellers and the buyers executed escrow instructions with Arizona Title Guarantee & Trust Company as escrow agent. Closing date for the escrow was set for October 7, 1962 and one thousand dollars was recited as earnest money payment. (In the sale contract, Chilleen Realty acknowledged receipt of $3294.) The instructions listed a broker's commission in the amount of $3294 payable to Thelma Chilleen Realty as an obligation of seller. They further provided:

"If either party having fully complied elects to cancel these instructions because of the failure of the other party to comply with any of the terms hereof within the time limit provided herein, *　*　*"

*　*　*　*　*　*

"In the event * * * these instructions shall become cancelled * * * Escrow Agent is thereupon authorized:

"First: To pay to the party electing to cancel, any earnest money deposited hereunder by said other party, after deducting any charges;

"Second: To pay to said other party, any other money deposited hereunder by said other party, after deducting any charges remaining unpaid;

*　*　*　*　*　*

"If, under these instructions, a commission is to be paid to a licensed real estate broker, then, notwithstanding any conflicting provisions herein contained:

*　*　*　*　*　*

"(2) Upon the cancellation of these instructions for any reason, should any funds, after deducting Escrow Agent's charges become payable to a party obligated hereunder to pay said commission, then Escrow Agent shall pay to the real estate broker therefrom, a sum equal to one-half of the earnest money deposited by any other party and payable to the party so obligated, but not more than the full amount of such commission."

In September of 1962, Norcraft Phoenix Builders, Inc. as plaintiff commenced an action in superior court naming the sellers and Arizona Title Insurance and Trust Company as defendants. It was alleged in the complaint that Norcraft Phoenix Builders, Inc. owned the real estate involved herein, and that the sellers had received the property without consideration. The complaint then prayed in the alternative that the purported sale between the sellers Arthen and the buyers Friery be set aside, or that proceeds of the said sale either be paid to Norcraft or held in their trust.

Before the suit was heard, Norcraft Phoenix Builders, Inc. filed for bankruptcy in the United States District Court. On October 22, 1962, a restraining order was

issued and served on the sellers. It read in part:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all persons, firms, corporations, creditors and those claiming to be creditors of the said bankrupt, as well as their agents, attorneys and servants, be and they are hereby individually, jointly and severally restrained and enjoined from removing, transferring, selling or in any way interfering with the property, assets and effects of the bankrupt, and from prosecuting, executing or suing out of any Court, or any process of attachment, execution or replevin or other writ, for the purpose of taking into possession, impounding or interfering in any way with any property, assets or effects of the bankrupt."

Because of the pending superior court action and the federal court restraining order, sellers were advised by counsel not to consummate the proposed real estate transaction. When the restraining order was lifted sellers sought to complete the transaction but the proposed buyers were then unwilling to do so. While the record does not show the precise date or manner of failure of the sale contract and escrow instructions the buyers' earnest money deposit was returned and the escrow was cancelled because the deal did not close.

Although the contract recites that the broker's commission for procuring the sale is to be paid by the escrow agent from funds in escrow, the instructions themselves provide the manner in which the agent is to pay those funds upon cancellation. Having elected to cancel the escrow, the buyers were entitled to a return of their earnest money deposit pursuant to those instructions. No funds remained which sellers were entitled to receive and from which Chilleen could be paid her commission.

■ In considering the language of the contract as a whole and specifically that providing "That the Seller agrees to pay the above named broker as a commission

for procuring the sale, the sum of $ 6% * * *," we find no ambiguity justifying the admission of parole evidence allegedly to show that the parties intended the commission be paid subject to completion of the sale. Richards Development Company v. Sligh, 89 Ariz. 100, 358 P.2d 329 (1961); Diamond v. Chiate, 81 Ariz. 86, 300 P.2d 583 (1956).

■ That Chilleen is entitled to her commission under the instant set of facts is supported by the case law in this jurisdiction and in others generally. A broker establishes his right to commission upon producing a purchaser, ready, willing and able to buy on the terms fixed by the seller, and the purchaser enters into a binding contract with the seller to do so. Bass Investment Co., Inc. v. Banner Realty, Inc., 103 Ariz. 75, 436 P.2d 894 (filed February 8, 1968); Diamond v. Haydis, 88 Ariz. 326, 356 P.2d 643 (1960); Bishop v. Norell, 88 Ariz. 148, 353 P.2d 1022 (1960); 12 Am.Jur.2d, Brokers § 182. Cf. Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528, 236 A.2d 843 (1967). If completion of the contract fails by reason of the wrongful act, interference, or refusal of performance of the seller, the broker's claim is not defeated and must be paid.

In the instant case Chilleen did everything reasonably possible to complete the sale. Buyer and seller were brought together on terms agreed upon by the seller as evidenced by their signatures on the contract for sale. Earnest money was deposited and escrow instructions were executed and signed by both parties. Were it not for sellers' failure to deed the property and close the escrow, the sale would have been consummated. The escrow not closing within the provided time, buyers were justified in cancelling the instructions and receiving a return of their earnest money deposit.

■ Sellers defend against liability for the brokerage commission on the ground the sale transaction was rendered impossible of consummation. Assuming, *arguendo,* that the defense of impossibility would

preclude Chilleen's recovery notwithstanding the fact that she performed her bargained-for consideration, the superior court action filed by Phoenix Norcraft Builders, Inc. did not render completion of the contract impossible in view of the complaint's prayer praying in the alternative that the sale be set aside or that a constructive trust be imposed upon the proceeds received by the sellers.

Furthermore it is clear that were it not for the superior court suit, the transaction would have closed by the date fixed by the escrow instructions. On cross examination, Mrs. Arthen testified that they as sellers in a conversation with Mrs. Chilleen after the suit was filed said they did not feel that the sale could be completed because the filing of the suit precluded them from giving clear title. At that time the bankruptcy restraining order had not issued and the buyers were ready to complete the sale. Under these circumstances the sellers' refusal to complete the sale because of the alleged cloud on the title did not discharge their obligation for the brokerage commission. See Diamond v. Chiate, supra.

Regarding the restraining order issued from the bankruptcy court, we are satisfied that the defense of supervening impossibility has no application here. The contract between sellers and Chilleen was partially executed, i. e., Chilleen had rendered the bargained-for consideration, and the sellers' unconditional promise to pay the broker's commission was not rendered impossible. Equitable ownership in the property, subject to the sellers' inability to convey good title, had already been acquired by the buyers by the time the restraining order was issued, and if the escrow had closed on October 7 as intended, the problem presented by the restraining order issued on October 22 would never have arisen.

It must be remembered that the sellers acquired the property from the bankrupt some months before the restraining order was issued. The only ground upon which Norcraft claimed the property was that

sellers had received it without consideration, the answer to which was known by the sellers. If in fact they had not given consideration, their obligation for the broker's commission would not have been discharged, and if they did give consideration, no showing was made that they sought to secure dissolution of the order as to them.

The judgment of the superior court is affirmed.

McFARLAND, C. J., and STRUCK-MEYER, BERNSTEIN, and LOCK-WOOD, JJ., concur.