**Dan H. CAMPBELL and Sharon Campbell, husband and wife, Plaintiffs/Appellants,**

**v.**

**Arthur MAHANY, dba Mahany Realty and Trust Company, Defendant/Appellee.**

**No. 2 CA–CIV 3663.**

Court of Appeals of Arizona, Division Two.

Dec. 3, 1980.

and, while continuing to hold the check, have never requested that another check with a different payee be substituted.

Michael M. Moore, Tucson, for plaintiffs/appellants.

Thikoll, Johnston & Rosen by Edith A. Croxen and Dennis A. Rosen, Tucson, for defendant/appellee.

## OPINION

HATHAWAY, Chief Judge.

This case involves the sale of the Hidden Valley Tavern and was the subject of our memorandum decision filed September 21, 1977, 2 CA–CIV 2418. There, we reversed and remanded for a new trial.

Prior to the second trial, the principals to the sale settled the pending litigation as to their respective interests, and the case proceeded solely on the issue of whether or not a real estate commission was due and owing to Mahany Realty & Trust Company by the Campbells and other parties, and if so, the amount thereof. The cause was tried to the court, sitting without a jury, and the judgment was awarded Mahany Realty against the Campbells in the sum of $4,500 as brokerage commission, together with $1,100 attorney's fees and costs. Upon denial of appellants' motion for new trial, this appeal followed.

Appellants question whether settlement of litigation concerning a contract constitutes a rescission of the contract between the parties, and if so, whether such rescission is automatically deemed a default by the parties as far as an interested third party is concerned.

The trial court's minute entry includes the following analysis and reasons:

"The plaintiffs have not borne their burden of proof that defendant Mahany Realty and Trust Company breached a fiduciary duty to plaintiffs. Further, any erroneous inclusion of the ice machine and television set on the inventory was ratified by the plaintiffs when they proceeded with the closing of the transaction with knowledge of these inclusions.

In the absence of a specific contract to the contrary, when a broker has brought together the parties to a sale, and they have agreed fully on the terms and entered into a binding contract for such sale, his duties are at an end and his commission is fully earned, and it is immaterial that the parties to the contract thereafter rescind mutually. *Lockett v. Drake*, 43 Ariz. 357, 31 P.2d 499; *Eason v. Heighton*, 49 Ariz. 237, 65 P.2d 1373, 12 Am.Jur.2d, Brokers Sec. 213; 12 C.J.S., Brokers Sec. 87.

Had there been a forfeiture of the moneys paid, by reason of the buyers' default, the specific provisions of the contract regarding the commission in such event would apply. However, this is not what occurred. Instead, there was a mutual rescission to which the broker was not a party, and the broker is therefore entitled to the agreed commission of 10% of the $45,000.00 gross sales price.

The sales agreement provides for recovery of attorney's fees and costs in the event of legal action to collect the commission. Counsel for the plaintiffs has indicated that the amount of attorney's fees may be determined by the Court upon the basis of an informal avowal, and the Court finds the sum of $1,100.00 to be a reasonable attorney's fee under the circumstances in connection with the commission claim."

Appellants do not question the law cited by the trial court to the effect that a broker, once having brought the parties to-

gether, is entitled to full commission. They contend, however, that the following provision of the contract between the parties governs:

"The undersigned seller hereby agrees ... to pay agent a brokerage fee of 10% of Gross sales price .... In the event the seller elects to cancel this agreement due to purchaser's default, the escrow agent shall pay the real estate agent, for services rendered, 50% of deposits, but not in excess of the amount of brokerage fee stated, the balance thereof to be given to the seller after necessary expenses are paid. In the event of default on the seller's part, the agent shall receive full brokerage."

▪ As reflected in the previously quoted portion of the minute entry, the trial court concluded that this portion of the agreement would have applied if there had been a forfeiture by reason of the buyers' default. The court concluded that this did not occur, but that instead, a "mutual rescission" to which the broker was not a party took place. Appellants take issue with the court's conclusion that a rescission occurred, pointing out that the parties were not returned to status quo. Appellee responds by arguing the trial court erred in taking judicial notice of the settlement agreement between the principals, citing 17A A.R.S., Rules of Evidence, rule 408. We find this rule inapplicable since it precludes such evidence when offered to prove liability for or invalidity of the claim or its amount. The agreement was not considered for these purposes.

▪ The crux of the matter appears to us to be that the principals settled their differences. This was accomplished after they had been brought together by the real estate broker and a contract for sale was executed. Subsequent difficulties arose leading to the litigation and ending in a settlement between the principals which resulted in a termination of their agreement. The trial court concluded that appellee was not responsible for those difficulties and appellants have not made this an issue on appeal, although they argue that "it can be presumed that the transaction would have been completed but for the actions of the broker." We do not see that such a presumption can be indulged, nor, indeed, is the question of misconduct of the broker an issue in this appeal.

We concur in the reasons given by the trial court for its judgment and see no basis for interfering. Affirmed.

HOWARD and RICHMOND, JJ., concur.