706 P.2d 737

Neal C. MANNING dba Neal C. Manning Co. Realtors, Plaintiff/Appellee,

v.

James BLACKWELDER and Lola Blackwelder, husband and wife, Defendants/Appellants.

No. 2 CA–CIV 5265.

Court of Appeals of Arizona, Division 2, Department B.

April 11, 1985.

Review Denied Sept. 24, 1985.

**412**

Mesch, Clark & Rothschild, P.C. by Douglas H. Clark, Jr., Tucson, for plaintiff/appellee.

Charles M. Giles, P.C., Jim D. Himelic, P.C. by Jim D. Himelic, Tucson, for defendants/appellants.

## OPINION

LIVERMORE, Judge.

Appellants, James and Lola Blackwelder, listed their house for sale. An agent for appellee, Neal Manning, showed the house to Harold Cole. On May 21, 1981, an agreement for sale between Cole and the Blackwelders was signed involving an exchange of the Blackwelder house for certain townhouses. Cole thereafter refused to perform and suit was brought against him by the Blackwelders. That suit was settled by arranging to exchange the Blackwelder house for other townhouses. Manning brought suit for a real estate commission. The Blackwelders appeal from the summary judgment entered against them. We have jurisdiction under A.R.S. § 12–2101.

■ The parties are agreed that a real estate broker is entitled to a commission when he produces a buyer ready, willing, and able to purchase the property on terms acceptable to the seller and a binding contract for the sale is signed. *Arthen v. Chilleen*, 103 Ariz. 133, 437 P.2d 925 (1968). See also *Campbell v. Mahany*, 127 Ariz. 332, 620 P.2d 711 (App.1980). The Blackwelders seek to avoid this rule by referring to a long line of cases holding that if the contract is contingent on an event and that event fails to occur the contract is not binding and the broker is not entitled to the commission. See, e.g., *Diamond v. Haydis*, 88 Ariz. 326, 356 P.2d 643 (1960). They point to the unmet contingency operating in their favor that they obtain mortgages on the townhouses in the amount of $270,000. The Blackwelders misapprehend this rule. If the sale is defeated because of an unmet contingency, no commission is earned. That is not the case, however, where the sale is nonetheless effectuated. In that case, where the seller is willing to sell notwithstanding the failure of a condition operating in his favor, and when the contract remains binding on the buyer, the legal effect is simply a modification of the conditions of sale on terms acceptable to the seller, and the commission has been earned. See *Pruitt v. Pavelin*, 141 Ariz. 195, 204, 685 P.2d 1347, 1356 (App.1984) ("a party may waive any provision of a contract intended for his sole benefit"). That this occurred in this case is conclusively demonstrated by the action of the Blackwelders in bringing suit to enforce the contract notwithstanding their failure to obtain the desired mortgage.

■ The Blackwelders argue next that Manning was not the procuring cause of the ultimate sale, because it was the result of the lawsuit, and that Cole was not an able buyer because he did not have title to the townhouses he sought to exchange in the original contract. The answer to the first argument is the rule of *Lockett v. Drake*, 43 Ariz. 357, 31 P.2d 499 (1934), that a commission is earned even if a lawsuit is necessary by the seller to complete the sale. That such a lawsuit succeeds hardly makes it the procuring cause of the

contract so enforced. The answer to the second argument is that, having settled the lawsuit on terms acceptable to themselves, the Blackwelders have once again modified the terms that they would accept and the commission remains fully earned.

The judgment is affirmed. Appellee is awarded costs and attorneys' fees on appeal.

HATHAWAY, P.J., and LACAGNINA, J., concur.