P. D. CATE, COMPLAINANT, APPELLANT, *v.* DAVID G. MAD-
DEN, COMPLAINANT, APPELLEE.*

(*Knoxville,* September Term, 1932.)

Opinion filed November 26, 1932.

---

*On real estate broker's right to commission as affected by failure
or refusal of customer to comply with valid contract, see annotation
in 51 A. L. R., 1390; A. L. R., 926; 4 R. C. L., 310; R. C. L. Perm.
Supp., p. 1112; R. C. L. Pocket Part, title "Brokers," section 50.

ELY, BUHL & ELY, for complainant, appellant.

372

GREEN, WEBB & BASS, for defendants, appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Complainant is a real estate agent and sues Madden and wife as the owners of an apartment house in Knoxville, and defendants Walton and wife, the owners of other real estate, for the value, alleged to be $6000, of certain property which he would have acquired had an exchange of properties between the Maddens and. Waltons, which complainant claims to have negotiated, pursuant to a contract with Madden and wife, been carried out. The exact basis of the claim made against the defendants jointly is not clearly set forth.

It appears that Madden and wife owned an equity in the apartment house, subject to a mortgage of some $12,500, and certain taxes, and agreed with complainant to transfer their equity to any responsible party who would assume the encumbrances. No reference is made in the letter setting forth this agreement to commissions to complainant, and we think the course of conduct and the allegations of the bill indicate a construction by the parties to this agreement which negatives an obligation to pay commissions, leaving the complainant to obtain his compensation from the procured purchaser.

Complainant alleges that he procured Walton and wife to agree to purchase, and to convey to Madden and wife, over and above the assumption of the encumbrances on their apartment property, certain real estate, of the alleged value of $6000, having in contemplation that as a result complainant would acquire this property. It is alleged that Walton and wife agreed to this exchange

arrangement in writing, but later declined to consummate the trade.

█ The ground of recovery against Madden and wife appears to be that they have failed and refused to enforce specific performance of this exchange agreement, to the damage of complainant. We agree with the Chancellor that no liability is shown against Madden and wife. They assumed no obligation further than to execute a conveyance of their equity to a willing and responsible vendee. There is here no express contract beyond this, and we are of opinion that none arises by implication. The case of *Amies* v. *Wesnofske,* 255 N. Y., 156, 73 A. L. R., 918, seems to be directly in point and in line with the general rule. "The vendor of property makes no contract with his broker to procure from the vendee the performance of a contract of sale. *Allan Fox Co.* v. *Wohl,* 255 N. Y., 268." In the note on page 930 (73 A. L. R.), it is said, "as stated in the reported case (*Amies* v. *Wesnofske, ante,* 918), it has been very generally held that a vendor is under no duty to his broker to enforce specific performance by the vendee, when commissions are conditioned upon performance." Many cases are cited in the text of the reported case.

And in the Amies case, *supra,* there was an express contract to pay a $5000 commission, whereas we find none here. Authorities cited by appellant do not appear to be in conflict with this rule. They relate to situations in which the broker has fully performed, and his principal fails or refuses to do what he agreed to do,—as to execute the conveyance. Here his principals were not only willing, but did in fact execute the necessary transfer papers. Forcing the purchaser to accept them is a different matter.

374

As to Walton and wife the bill fails to show any contract on their part to pay complainant any commission, or any agreement with him to compensate him, or, indeed, that Walton and wife knew that complainant was to receive the real estate which they agreed to convey to Madden and wife in the exchange. No implication arises of a contract on the part of Walton and wife to pay commissions to complainant, who was acting primarily for and as the agent of Madden and wife. We find no ground of liability against Walton and wife set forth in the bill.

The decree must be affirmed.