[Civil No. 4017. Filed May 6, 1939.]

[90 Pac. (2d) 179.]

JACK KLECK, Appellant, v. W. ROY WAYLAND, JOHN J. DURKIN and J. J. TAYLOR, as Members of and Constituting the UNEMPLOYMENT COMPENSATION COMMISSION OF ARIZONA et al., Appellees.

Messrs. Elliott & Glenn, for Appellant.

Mr. George D. Locke, for Appellees.

ROSS, C. J.—This is an action for a declaratory judgment to determine the question whether plaintiff is required to make contributions to the unemployment compensation fund created by chapter 13, First Special Session, Twelfth Legislature, 1936, and amended by chapter 68, Laws of 1937. This statute was enacted to adjust and harmonize the state's policy of social security with that of the national government as expressed

in the Federal Social Security Act, 42 U. S. C. A., section 301 et seq. Under chapter 13, as amended, every employer of three or more individuals for wages for as much as twenty weeks a calendar year, except the employment of agricultural labor, domestic service in a private home, and some other employments not necessary to mention, is required to make contributions to an unemployment compensation fund, calculated upon a named percentage of the wages paid his employees. Sections 7 and 19, chap. 13, as amended by secs. 5 and 9, chap. '68. And the defendant, Unemployment Compensation Commission of Arizona, is constituted the agency to administer the law. Section 11, chap. 13.

The plaintiff contends that the service he is now, and has been, rendering is agricultural and not commercial in its nature and that he should not be required to contribute to the unemployment compensation fund. We quote the part of plaintiff's complaint giving his residence and describing the kind of labor he and his employees perform and do:

"I. That the plaintiff now is, and at all times mentioned in this complaint was, a resident of the County of Maricopa, State of Arizona."

"III. That the plaintiff is now and for many years next last past continuously has been an employer of more than three employees who, under their respective contracts of employment with this plaintiff, from time to time perform labor for this plaintiff as follows:

"1. Clearing and grubbing lands preparatory to use of such lands for and only for the planting and growing of crops or orchards thereon.

"2. Levelling lands preparatory to the use of such lands for and only for the planting of and growing of crops or orchards thereon.

"3. Dragging lands preparatory to the use of such lands for and only for the planting and growing of crops or orchards thereon.

"4. Floating lands preparatory to the use of such lands for and only for the planting and growing of crops or orchards thereon.

"5. Ditching lands preparatory to the use of such lands for and only for the planting and growing of crops or orchards thereon.

"6. Bordering lands preparatory to the use of such lands for and only for the planting and growing of crops or orchards thereon.

"7. Plowing lands preparatory to the use of such lands for and only for the planting and growing of crops or orchards thereon.

"8. Discing lands preparatory to the use of such lands for and only for the planting and growing of crops or orchards thereon.

"9. Generally preparing lands for and only for the planting and growing of crops or orchards thereon.

"10. Planting crops or orchards on lands for and only for the purpose of growing, maturing and harvesting crops or fruits therefrom.

"11. Drilling, sowing, broadcasting, and planting of seed on and in lands for and only for the purpose of growing crops thereon.

"12. Digging tanks, reservoirs, and catch basins in and on lands for and only for the purpose of impounding water to be used for and only for the growing of crops or orchards.

"13. Digging tanks, reservoirs and catch basins in and on lands for and only for the purpose of impounding water to be used for and only for the purpose of watering horses, cattle, sheep, goats, or other livestock.

"14. Placing, forming and fashioning earthern dams or check dams for the purpose of creating reservoirs, tanks and catch basins in and on lands for and only for the purpose of impounding water to be used for and only for the purpose of growing crops or orchards or for watering horses, cattle, sheep, goats, or other livestock, or for any one or all of such purposes.

"15. Operating mechanical tractors, scrapers, fresnos, plows, harrows, discs, drills or other mechanical implements for clearing, grubbing, leveling, dragging, floating, ditching, bordering, or plowing lands, or for planting, drilling, sowing, and broadcasting seed, all

for and only for the purpose of growing crops or orchards on lands.

"16. Operating mechanical tractors, scrapers, fresnos, plows, and other mechanical implements in digging tanks, reservoirs and catch basins, or for fashioning earthen dams or check dams, all for the purpose of impounding water to be used for and only for the growing of crops or orchards, or for watering horses, cattle, sheep, goats or other livestock, or for any one or all of such purposes.

"17. Servicing and repairing, in the field, said mechanical tractors, scrapers, fresnos, plows, drills, harrows, discs, or other mechanical implements used for and only for one or more of the purposes aforesaid.

"18. Operating trucks for and only for the purpose of transmitting motor vehicle fuel oil and service parts and material for the refuling, oiling, repairing and servicing, in the field, said mechanical tractors, scrapers, fresnos, plows, drills, harrows, discs, or other mechanical implements used for and only for one or more of the purposes aforesaid.

"19. Repairing and servicing in a garage or repair shop maintained and operated for and only for the repair and servicing of said trucks and mechanical tractors, scrapers, fresnos, plows, and other mechanical implements used for and only for one or more of the purposes aforesaid.

"20. Superintending and directing one, several or all of the occupations hereinbefore enumerated and described.

"21. Maintaining a central office and keeping the books of account of this plaintiff in respect of said employees of this plaintiff and their occupations as aforesaid, and of the work performed by such employees."

It is alleged that plaintiff performed such labor under contracts with the owners or tenants of lands to be benefited "for one, all, or several of the purposes hereinbefore enumerated and described."

It is also alleged that there is a real controversy between the commission and the plaintiff as to the construction to be given the provision in the unemploy-

ment compensation law exempting from its terms agricultural labor.

The commission filed a general demurrer to the complaint, which was sustained, and plaintiff electing to stand on the complaint, it was dismissed and judgment entered for defendants.

██ Plaintiff has appealed. He assigns twenty-two errors. But regardless of whether the twenty-one different categories of employment set forth in the complaint were agricultural labor or not, and we do not decide that question, we are satisfied the complaint fails to state facts sufficient to give the court jurisdiction. In the first place, the complaint fails to show where plaintiff "is now" an employer. Nor does it show where he has been an employer recently or at any time. We have only a slight intimation that his activities are probably in Arizona, and that we get from the allegation that he is a resident thereof. His activities, however, might be entirely in another state or in a foreign country. He alleges he maintains a central office and keeps books of account but where he does not say. Under the law, we do not think the unemployment compensation commission has jurisdiction of an employer unless some of his activities are carried on in the state.

█ The declaratory judgment statute expressly provides that the courts may construe statutes at the instance of interested parties and declare their rights thereunder. Section 4386, Rev. Code 1928. It seems to be well settled, however, that a proceeding for a declaratory judgment must be based upon an actual controversy, and this is true whether the statute so provides or not.

"No proceeding lies under the declaratory judgments acts to obtain a judgment which is merely advisory or which merely answers a moot or abstract question." 16 Am. Jur., sec. 9, p. 283.

It would seem that if there were an actual controversy between the commission and the plaintiff, as to whether his employments fall within the Unemployment Compensation Law or not, the complaint would allege where the services were being rendered and for whom and, since they pertain to farming, at least the farm upon which such services were being performed, describing the services.

██ We think before the court should undertake to decide whether the activities named in plaintiff's complaint are or are not "agricultural labor," as that term is used in the unemployment compensation law, we should be advised of the parties for whom such labor is being performed, and where, and under what kind of contract, so that it could be determined therefrom whether the contractor is an independent contractor or an employee of the owner or tenant of the land being improved and subject to his control. Facts should be alleged from which the court could determine for itself whether there exists a real controversy. The plaintiff's allegation that there is such a controversy is a conclusion of the pleader.

We call attention to the allegations of the plaintiff's complaint as to the varied activities in which he claims he is engaged. We cannot help from coming to the conclusion, from a study of these allegations, that plaintiff has thought out and selected from his experience and that of others the various and sundry things it is necessary to do on an irrigated farm, from the preparation of the soil for planting to the harvesting of the crops, and alleged that these are the things he does under contracts with owners of lands or tenants of lands employing three or more individuals to do the actual work under plaintiff's supervision. In other words, that plaintiff and his men actually do the farming for the owner or tenant, doing in some instances

one or more of the things enumerated and in other instances something entirely different but perhaps in no instance all of the things enumerated and described. Plaintiff is anticipating that in the course of time situations will arise when he should be informed whether what he is doing, or about to do, should be classed as agricultural labor or labor for which he should contribute to the unemployment compensation fund. He would have the court cover the whole field in one case and put a stop to all possible future controversies as to what is or is not agricultural labor under the unemployment compensation law. This would be fine for employers as well as the commission but the law insists that there must be an actual controversy upon a present state of facts and not an anticipated one upon an assumed state of facts. It must be a real controversy and not a hypothetical or fictitious one.

The question as to what is agricultural labor and exempt from contributing to the unemployment compensation fund, and what is not such labor and required to make such contribution is vitally important and should be decided, but, as we see it, such question is not presented in such way as to justify the court in undertaking the task. We prefer to base our decisions on the concrete facts of each case as it arises, whether the remedy pursued is for a declaratory judgment or some other available remedy.

We think the court's ruling was correct and affirm the judgment.

LOCKWOOD and McALISTER, JJ., concur.