219 P.2d 1039

**MALLAMO v. HARTMAN et ux.**

No. 5171.

Supreme Court of Arizona.

June 26, 1950.

Herbert Mallamo, of Phoenix, Leslie Parry, Phoenix, of counsel, attorneys for appellant.

Knapp, Boyle, Bilby & Thompson, of Tucson, attorneys for appellees.

PHELPS, Justice.

Paul Mallamo, plaintiff and appellant herein, brought this action in the Superior Court of Pima County against Paul Hartman and Maxine C. Hartman, his wife, defendants and appellees, seeking to impose a trust upon the south 111.10 feet of Lot 6 and all of Lot 5, Block 6, Samos Addition, a subdivision adjacent to the City of Tucson, Pima County, Arizona, or in the alternative to recover damages, and as a ground therefor claims that on or about June 1, 1946 he employed defendant Paul Hartman, hereinafter referred to as Hartman, as his agent to procure for him a lot or lots upon which plaintiff desired to build. Plaintiff was then engaged in building and selling houses.

He claims that pursuant thereto and during the latter part of August or early

September of that year Hartman showed him several pieces of property among which was the above described lots in Samos addition and advised him that the list price of the Samos property was $1650; that he, plaintiff, then directed Hartman to purchase this property for him and to negotiate with the owner on his behalf for the purchase thereof on a basis of part payment in cash and the remainder in monthly installments. He claims he directed Hartman to ascertain from the owners upon what terms they would sell the property and to advise him.

That Hartman, so plaintiff maintains, instead of complying with plaintiff's instructions, bought the property for himself and as an excuse therefor falsely represented to plaintiff that the owners would not sell except for cash in full; that the title thereto was defective and cloudy and that he advised plaintiff not to buy it but to purchase other property.

That plaintiff was at the time able to pay cash for the property if necessary but preferred to purchase it on deferred payments. He claims the representations made by Hartman to the effect that the owners demanded cash in full upon the sale of the property and that the title was defective were false in that there was no defect in the title and that Hartman did purchase the property at the time on the deferred payment plan and that satisfactory and merchantable title was given to defendants.

The plaintiff further claims that thereafter on March 6, 1947, without knowledge of the above facts, he purchased the property from defendants for $3500.

These facts are alleged in substance in plaintiff's complaint which is set up in two separate counts. The first count seeks the imposition of the trust and the second count asks for damages.

Defendants answered the complaint by filing a general denial.

The cause was tried to a jury. At the close of plaintiff's case defendants presented a motion for an instructed verdict upon the ground (1) that the evidence of plaintiff was insufficient to support the allegations of the complaint or to constitute a cause of action against defendants; (2) That the evidence shows that plaintiff had waived his right to bring this action by purchasing the property involved from defendants and by waiting longer than a reasonable time to institute his action against defendants after discovery of fraud; (3) upon the ground that the contract of agency between plaintiff and Hartman falls within the Statute of Frauds.

The court after taking the matter under advisement until the following morning granted the motion for an instructed verdict for defendants. Judgment was entered accordingly. From such judgment and an order denying plaintiff's motion for a new trial plaintiff prosecutes an appeal to this court and presents five separate assignments of error. We believe a con-

sideration of assignments Nos. 1 and 2 will dispose of the case. Assignment 1 reads as follows:

"The Court erred in finding no fraud on the part of the defendant because

"The defendant, being the plaintiff's agent, acquired an interest in the subject matter of the agency without making full disclosure of every matter that might affect the principal, and this in itself constitutes fraud,

"The evidence was insufficient to support the finding, and

"The evidence was contrary to the finding."

*Assignment No. 2*

"The Court erred in directing a verdict for defendant because

"There was a conflict in the evidence that should have been submitted to the jury,

"The evidence was insufficient to support the verdict,

"The evidence was contrary to the verdict, and

"For the reasons stated under Assignment No. 1."

The allegations of the complaint are sufficient to state a cause of action in fraud against defendants. In any event no issue has been raised upon the point.

The record discloses that the trial court granted defendants' motion for an instructed verdict upon the ground, first, that there was a failure of proof of fraud alleged to have been committed by Hartman; and second, upon the ground that the contract of agency falls within the Statute of Frauds.

■ Section 21-406, A.C.A.1939, requires the Statute of Frauds to be affirmatively plead to make it available as a defense. Defendants did not plead it. They attempted to raise the issue upon a motion to dismiss but the trial court properly denied the motion upon the ground that the Statute of Frauds had not been plead as required under the provisions of section 21-406. A motion is not a pleading under the Federal Rules of Procedure adopted by this court. Moore's Federal Practice, Vol. 1, p. 428, Rule 7(b), section 7.02.

■■ However, we are of the opinion that the Statute of Frauds has no application in this case. This is not an action on a contract between a principal and agent. This cause of action is predicated upon the alleged false representations and fraudulent conduct of Hartman at a time when the relation of principal and agent existed between him and Mallamo and it was tried upon that theory by the court. The contract of agency is only incidental to the cause of action based upon fraud in that it placed upon Hartman a higher duty toward Mallamo than would otherwise have existed. Haymes v. Rogers, 70 Ariz. 257, 219 P.2d 339. The Statute of Frauds is not applicable for a further reason. Let us

examine section 58-101, particularly subdivision 7 thereof, A.C.A.1939, upon which defendants rely. It reads as follows:

"No action shall be brought in any court * * *

"7. Upon an agreement authorizing or employing an agent or broker to purchase or sell real property, or mines, *for compensation or a commission*; * * *." (Emphasis supplied.)

The only limitation placed upon a court action on such a contract by the terms of this law is that such action may not be maintained by the agent to recover compensation or a commission. The contract is not void. Brought v. Howard, 30 Ariz. 522, 249 P. 76, 48 A.L.R. 1347. It is only unenforcible in so far as it seeks to recover compensation or commission agreed to be paid by the principal to the agent for the services rendered.

■ Subdivision 7, *supra*, was designed only to protect owners of real property against unfounded claims of brokers. Bush v. Mattingly, 62 Ariz. 483, 158 P.2d 665. (Citing cases).

■ It is universally held that an agent in his conduct of his agency is bound to exercise the utmost good faith. 2 Am. Jur. (Agency) section 252; Starkweather et al. v. Connor, 44 Ariz. 369, 38 P.2d 311; Haymes v. Rogers, supra. The burden of proof is therefore upon the agent where his loyalty is questioned, to show that he did exercise the utmost good faith towards his principal. Starkweather et al. v. Connor, supra.

■ If the defendants carried this burden and there is no conflict in the evidence the trial court was justified in instructing a verdict for defendants. On the other hand if there is a conflict in the evidence relating to the alleged fraud of Hartman as claimed by plaintiff, he had the right to have that fact determined by the jury and under such circumstances the trial court would commit reversible error in instructing a verdict for defendants.

Let us see what the record discloses. Mallamo and Hartman testified in substance as follows:

Mallamo:

He first showed me the Samos property in August, 1946.

He showed me the list price the first time he showed the property to me. It was $1650.

I instructed Hartman to buy the property for me when he first showed it to me and to negotiate its purchase for me on time; to ascertain and advise me the owner's terms of sale.

The next time I saw Hartman he told me the owners wanted all cash and that I couldn't handle it and advised me to buy other property.

He told me the title to the property was defective and he didn't seem to want to talk about it.

I didn't know at the time I purchased property that Hartman purchased it from owners on time.

Hartman:

I first showed him the Samos property in May or June, 1946:

I didn't have the property listed when I first showed him the property. I didn't know the list price.

He did not instruct me to buy the Samos property when I first showed it to him, or at any time. He made no request of me to ascertain terms and advise him. He showed no more interest in this property than in the other property shown him.

I offered the property to Mallamo upon the terms and price given me by the owners. I didn't advise him to buy other property.

I told him the owners wanted all cash. I bought the property in August, about one-half down, balance on terms. Received title passed by Title Company. (Representative of Title Company testified no defect of record in title)

I told him the first time I saw him after I purchased the property that I purchased it on terms and told him several times thereafter.

It will be seen from the above that the evidence bearing upon the question of fraud was in sharp conflict. Plaintiff was entitled to have that fact determined by the jury.

The trial court therefore erred in directing an instructed verdict for the defendant.

Judgment reversed and remanded with instructions to grant a new trial.

LA PRADE, C. J., and UDALL and STANFORD, JJ., concur.

DE CONCINI, J., did not participate in the determination of this case.