326 P.2d 365

H. Clay ROSEBERRY, Appellant,

v.

H. HECKLER dba H. Heckler Realty,
Appellee.

No. 6335.

Supreme Court of Arizona.

June 4, 1958.

Brice I. Bishop and Don ̓ld R. Kunz,
Phoenix, for appellant.

H. M. Van Denburgh, William Rogers,
Jr., and Gust, Rosenfeld, Divelbess & Rob-
inette, Phoenix, for appellee.

WINDES, Justice.

Appellee sued appellant for a real estate broker's commission. The trial court rendered judgment for plaintiff and defendant appeals.

Defendant as owner executed a listing agreement authorizing plaintiff to sell his property for $100,000 with a down payment of $29,000 and "terms to suit". Plaintiff secured a purchaser ready, willing and able to purchase the property for the price and down payment designated in the listing. The other terms of the proposed contract of sale which was submitted to the defendant and which he refused to sign were in substance: property to be placed in trust with the Phoenix Title and Trust Company; $5,000 deposit and $24,000 when title found satisfactory; land to be platted and subdivided; when the mentioned $29,000 has been paid, ten lots to be released; thereafter lots to be released in groups of ten for additional payments of $4,900 until the entire purchase price has been paid. The deal failed because of defendant's failure to sign the proposed contract of sale.

It is agreed that the words "terms to suit" mentioned in the listing contract mean the terms must be such as suit the seller. The authority of the broker is limited to that given in the listing and when the broker has produced a customer ready, able and willing to purchase according to this authority, he has earned his commission even though a final consummated sale might fail because of the fault of the seller.

Plaintiff says he complied with this rule by producing a proposed purchaser who was ready, able and willing to purchase the property at terms which were acceptable to the defendant but that defendant refused to consummate the deal. To substantiate that the terms submitted by the plaintiff were suitable to and acceptable by the defendant, the plaintiff testified to a conversation had with the defendant wherein he orally presented to defendant the terms of the contract of sale. He testified that at first defendant objected to the sale on a lot release basis but finally stated he would go through with the deal as presented. The defendant denied this and testified he never agreed to go through with such a deal.

The important and controlling question presented is whether a broker who has a listing which obligates him to secure a purchaser on terms satisfactory to the owner can establish that he has complied with the conditions of the listing contract and earned his commission by proof of an oral acceptance of terms presented to the owner by the broker. Section 44–101, A.R.S., prescribes that no action shall be maintained upon an agreement authorizing or employing a broker to sell real property for compensation or commission unless the promise or agreement or some memorandum thereof is in writing signed by the party to

be charged or someone by him so authorized. We have ruled that the only purpose of this statute is to protect the property owner against unfounded claims of brokers. Mallamo v. Hartman, 70 Ariz. 294, 219 P.2d 1039.

■■ We are unable to reach any conclusion except that to allow the establishment of a right to a commission by mere evidence that the owner agreed orally to sell on certain purported terms could operate to deprive the owner of the very protection the statute gives. When the terms of the agency contract are only partially stated, before the broker is entitled to his commission he must prove that he produced a customer ready, able and willing to buy on such other terms as thet owner may require. White v. Turner, 164 Kan. 659, 192 P.2d 200. We are constrained to hold that proof of other acceptable terms cannot be made by testimony of oral statements only that the owner has agreed or will agree to such terms. Much evil which was intended to be prevented by section 44–101, supra, potentially could result from permitting this class of oral proof. We know not what the true facts are in this case except that the trial court chose to believe plaintiff's story and we do not intend to infer that in fact plaintiff's claim is without foundation, but we are unwilling to establish a rule that could be used to orally establish unfounded claims contrary to the very purpose of the statute. An agent's authority must be in writing and is limited by the terms upon which he is authorized to sell. Plaintiff's authority in this case was limited by terms acceptable to the owner. To permit this acceptability to be supplied by parol is the equivalent of allowing the agent's authority to be enlarged by parol. This cannot be done if the statute is to protect owners against the possibility of unfounded claims. Under agency contracts such as in this case, there is no particular hardship in requiring the broker to secure from the owner his signature to something written specifying the exact terms which he has indicated as acceptable.

Judgment reversed with instructions to enter judgment for defendant.

UDALL, C. J., and PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.