CARMEN GARCIA, an Infant, by Her Guardian ad Litem, PETRA GARCIA, et al., Respondents, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

First Department, March 5, 1963.

*Patrick J. Hughes* of counsel (*John N. Reid* with him on the brief; *Watters & Donovan,* attorneys), for appellant.

*Leon H. Gildin* for respondents.

STEUER, J. Defendant moved to dismiss the complaint in this action for a declaratory judgment. There has been some confusion as to the proper disposition of a motion to dismiss an action for this relief. Where on the stated facts no case is made out showing plaintiff has a right to a declaration at all, it is, of course, proper to grant the motion. The difficulty arises where a proper case for a declaration is set out but the particular

declaration sought is not warranted. There the merit of the claim is not a relevant factor and the action should be allowed to proceed to trial and judgment (*Rockland Light & Power Co. v. City of New York,* 289 N. Y. 45). Where, however, defendant concedes the facts as alleged not only constructively on the motion to dismiss but actually, the court may proceed to a determination of those rights, if that is the request of the defendant (*German Masonic Temple Assn. v. City of New York,* 279 N. Y. 452). If in such a situation the court concludes that the declaration on the stated facts does not warrant the declaration sought or the relief demanded in the complaint, whether disposition is by way of granting the motion to dismiss or judgment on the pleadings is not a matter of significance.

The complaint alleges that the infant plaintiff suffered injuries on May 20, 1961. On that day one Chapel, the owner of an automobile truck was making a delivery of rugs to the premises located at 366 East 156th Street. In order to unload the truck, Chapel's driver attempted to release a ladder that formed a part of the fire escape on the building so that the ladder would rest on the steps of the building. The ladder did not descend the whole distance and the driver left it suspended about six feet above the stoop. Shortly thereafter the ladder fell, striking and injuring the plaintiff. The complaint further alleges that Chapel had liability insurance on the truck issued by National Grange Mutual Insurance Company, and the policy afforded coverage for persons injured as a result of loading or unloading the truck. The complaint further alleges that the insurance company has disclaimed liability because of the failure of its assured to give notice of the accident. The declaration sought is that the word " accident " in article 17-A of the Insurance Law includes any accident that would be covered by the policy and that defendant, Motor Vehicle Accident Indemnification Corporation (MVAIC) be required to entertain plaintiff's claim on the merits.

The only issue presented is that tendered by the meaning of the word " accident ". Defendant concedes that if the word embraces the incident described in the complaint it must entertain plaintiff's claim. The statutory phrase in question is in the first section of article 17-A (§ 600) which is devoted to the declaration of purpose and states it to be the securing of compensation to victims of " motor vehicle accidents " caused by uninsured or hit-and-run drivers. The question is whether the Legislature meant to include the perils of loading and unloading in the term " motor vehicle accidents ",

It is quite evident from the scheme of the statute (art. 17-A) that the Legislature intended to supply compensation through MVAIC to the effect that the claims would be recognized and the claimants compensated as if the owners or drivers of the vehicles inflicting the injuries were insured. However, the extent of insurance, that is, the risks covered, is a matter of contract and the insurer and the insured, within certain limits, may contract to cover any risks that they desire and omit from coverage all other risks. The statute, aside from the phrase '' motor vehicle accidents '', supplies no definition as to what risks are to be covered. Nothing in the statute and no principle of law or equity would make the coverage of the statute dependent on the coverage of a particular policy in the event, as here, the person claimed to be at fault had a policy which for breach of condition was unenforcible. In such a case the situation is, as far as the MVAIC coverage is concerned, as if the person at fault had no policy at all (McCarthy v. Motor Vehicle Acc. Ind., 16 A D 2d 35, 41).

Since the unenforcible policy of the tort-feasor is not the test, the question then becomes what is the coverage intended by the Legislature. The coverage required of a motorist is the minimum prescribed by the Superintendent of Insurance (Vehicle and Traffic Law, § 311, subd. 4, par. [a]). Of course, an owner may obtain a wider degree of coverage, and the section so provides, but that is all he is required to have. Obviously, the Legislature did not intend to provide a wider degree of coverage for the victims of uninsured motorists than it directed insured owners to provide for themselves. It is conceded that the Superintendent's minimum provisions do not include coverage for loading and unloading (11 NYCRR Part 60). The conclusion is that these provisions define the coverage for an automobile accident as the phrase is used in article 17-A of the Insurance Law.[*]

It follows that Special Term should have made a declaration in favor of defendant. This court is consequently under a duty to do so (Bernardine v. City of New York, 294 N. Y. 361).

The order should be reversed on the law and judgment ordered for defendant, with costs.

RABIN, J. P., STEVENS, EAGER and BASTOW, JJ., concur.

---

[*] McCarthy v. Motor Vehicle Acc. Ind. (supra) reaches the same conclusion. However, the opinion does say (p. 42) that the coverage intended to be afforded is that of a standard liability insurance policy. What is undoubtedly meant is the standard provisions required by section 167 of the Insurance Law. The " standard policy " is something quite different.

Order, entered on August 16, 1962, unanimously reversed, on the law, with $20 costs and disbursements to appellant, and the motion to dismiss the complaint for insufficiency granted, with $10 costs.