438 P.2d 326

Jack MASLIN, Marvin Maslin and Harvey Maslin, Appellants,

v.

E. F. RUCKER, Legal Executor of the Estate of L. F. Ellison, aka Lawrence F. Ellison, and Mae E. Ellison, the wife of L. F. Ellison, as a party defendant, the heirs of above, if deceased, Appellees.

No. 2 CA–CIV 446.

Court of Appeals of Arizona.

March 5, 1968.

Rehearing Denied April 3, 1968.

Review Denied May 14, 1968.

**258**

Soble & Meehan, by Joseph H. Soble, Tucson, for appellants.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by William S. Lindamood, Tucson, for appellees.

HATHAWAY, Chief Judge.

The Maslins filed a complaint to recover the balance of an assigned real estate commission allegedly due them from the sellers, L. F. Ellison, deceased, and his wife, in the sum of $8,430. The cause was tried to the court, sitting without a jury, and the judgment was entered against them. This appeal is from that judgment.

Appellants contend that the trial court erred in holding as a matter of law that the real estate commission was payable only *if money due on the contract of sale was paid to the escrow agent by the purchasers.*

A contract for the sale of realty through an agent or broker for a commission must be in writing. A.R.S. § 44–101(7). The only writing from the sellers relating to commission was the following letter to the escrow agent, approved by the appellants' assignor:

"Letter from L. F. Ellison to Phoenix Title and Trust Company

March 12, 1960

Dear Mr. Jones:

With regard to the commission to be paid to Delvo Properties, Inc. from the Ellison-Graham deal, involving 2480 acres in Avra-Altar Valley owned by us, and the Oracle Road frontage owned by Dr. Graham, the total commisson is to be $34,360.00. The following method of payment is satisfactory to us.

| | |
|---|---|
| Total commission | $34,360.00 |
| To be applied to down payment | 16,000.00 |
| | 18,360.00 |
| Cash on closing | 1,500.00 |
| To be paid 3/28/61 $8,430 | 16,860.00 |
| To be paid 3/28/62 $8,430 | 16,860.00 |
| | 0.00 |

Very truly yours,

L. F. Ellison
L. F. Ellison

Mae C. Ellison
Mae C. Ellison

Approved and Accepted by:

John F. Newcomer
John F. Newcomer, Pres.
Delvo Properties, Inc."
(Emphasis supplied)

■ The payment dates coincide with the installment payments to be made on the purchase price and the only possible source of funds shown by the evidence from which the escrow agent could have made these payments was the amounts to be paid by the purchasers of this land, who defaulted on their obligations in this regard. The letter contains no express promise on the part of the sellers to make these payments directly. We hold that the commission was made contingent upon receipt of the funds into escrow and the broker or his assignees cannot recover since monies were not paid in; therefore, no fund came into existence from which the escrow agent could pay the commission in compliance with the sellers' instructions. Restatement (Second) of Agency § 445, Comment e (1958) at 349. Also see 74 A.L.R.2d 437, 474, § 16. Cf. Green v. Snodgrass, 79 Ariz. 319, 289 P.2d 191 (1955).

■ Arguendo, if an ambiguity existed regarding the sellers' obligation concerning real estate commission, it was eliminated by parol evidence. Temp-Rite Engineering Co. v. Chesin Construction Co., 91 Ariz. 360, 363, 372 P.2d 701 (1962) and Udall, Arizona Law of Evidence § 157, at 327–28 (1960). The broker in his assignment to the appellants instructed the escrow agent to pay appellants as follows:

"[T]he commission payable to us as follows:

| | |
|---|---|
| From contract payment due on or before 3/28/61 | $ 8,430.00 |
| From contract payment due on or before 3/28/62 | 8,430.00 |
| Total | $16,860.00 |

The payments are from 2 Contracts of Sale of Real Property dated March ____, 1960, and recorded April 8, 1960 * * *."

A view of the scant testimony as to the circumstances to this letter of instruction affirms our conclusion as to the intentions of the sellers and broker. The transcript evidences only negative allegations that the sellers had never made any statements that the real estate commission was contingent upon compliance by the buyer with the contract of sale. There is no affirmative testimony that the commissions were not contingent upon performance by the buyer.

The judgment is affirmed.

MOLLOY and KRUCKER, JJ., concur.