460 P.2d 195

**MARICOPA REALTY & TRUST COMPANY,**
an Arizona corporation, Appellant,

v.

**VRD FARMS, INC.,** an Arizona corporation,
and Eph Keirle, Appellees.

**1 CA–CIV 848.**

Court of Appeals of Arizona.
Division 1.
Oct. 28, 1969.

Laney, Randolph, Warner & Angle, by Ted F. Warner, Anderson, Corbet & Edwards, by Cecil A. Edwards, Jr., Phoenix, for appellant.

Snell & Wilmer, by Mark Wilmer, Phoenix, for VRD Farms, Inc

Rhodes, Killian & Legg, by John G. Hough, Mesa, for Eph Keirle.

HATHAWAY, Judge.

We are called upon to consider the correctness of the trial court's dismissal with prejudice of a complaint for failure to state a claim for relief.

The appellant, plaintiff below, filed a complaint denominated "Contract-Declaratory Judgment." Several counts are set forth. The first count, allegedly pursuant to A.R.S. § 12–1831, details the negotiations leading up to a contract for the sale of real property between defendant VRD Farms, Inc. as seller and defendant Keirle as buyer. It further alleges, in substance, the plaintiff's employment by the defendant seller to procure a customer for the property, that the plaintiff did so and fully performed, that the defendant buyer defaulted in performance, that the defendant seller refused to enforce the buyer's obligations under the contract, and that the plaintiff's performance entitled it to its commission of $33,060. The plaintiff asked that a declaratory judgment be rendered "declaring and adjudicating the respective rights and duties of the Plaintiff and Defendants under the agreement of sale between the Defendants and further declaring that: (1) Plaintiff is entitled to its commission of Thirty-three Thousand Sixty Dollars ($33,060) * * *."

Counts two and three are asserted against defendant VRD Farms and Count four against defendant Keirle.

Count two sets forth a claim in quantum meruit, i. e., the reasonable value of the services performed by the plaintiff in the sum of $33,060. Count three seeks damages for defendant VRD Farms' refusal to take affirmative action against the defendant buyer to enforce the contract. Count four alleges the buyer's wrongful refusal to perform his agreement to purchase, the possible damage to the plaintiff because of this nonperformance should the plaintiff not be entitled to its commission from the defendant seller, and asks the court to enter an order "declaring the rights of plaintiff against defendant Keirle as a result of the contract between defendants and the willful, wrongful and intentional conduct of defendant Keirle as aforesaid * * *."

Appended to the plaintiff's complaint and incorporated therein were several exhibits including escrow instructions signed by both defendants. These instructions, dated April 3, 1967, recited that the purchase price to be paid by the buyer was $551,000, the receipt of $5,220 as earnest money, that the balance of the cash payment, $545,780, was to be paid on or before April 15, 1967, and:

> "From proceeds of cash payment, pay broker's commission of: Six per cent of sale price to: Maricopa Realty & Trust Co., Mesa, Arizona."

The complaint further alleges that the defendant buyer stopped payment on the earnest money check deposited with the escrow agent and the check was dishonored upon presentment. A few days later, the defendant buyer informed the escrow agent that he did not intend to perform.

The defendants moved to dismiss the complaint on the ground that it failed to state a claim for relief for the reason that the action was barred by A.R.S. § 44–101, which provides in pertinent part:

> "No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:
>
> *      *      *      *      *      *
>
> "7. Upon an agreement authorizing or employing an agent or broker to purchase or sell real property, or mines, for compensation or a commission."

The plaintiff's response to the motion refered to the escrow agreement as constituting the requisite memorandum mandated by A.R.S. § 44–101, supra. The defendants responded that, even if the escrow agreement satisfied the statute of frauds, there

were no "proceeds of cash payment," hence the plaintiff was not entitled to payment of a commission.

▮ The Uniform Declaratory Judgments Act, as enacted in Arizona, A.R.S. § 12–1831 et seq., empowers courts of record to declare rights, status, and legal relations under written contracts and authorizes courts to refuse to render a declaratory judgment where such judgment, if rendered, would not terminate the uncertainty or controversy giving rise to the declaratory relief proceeding.

▮ Our analysis of plaintiff's complaint leads us to believe that the following statement of this court in Lecky v. Staley, 6 Ariz.App. 556, 435 P.2d 63 (1967) is apposite:

"Though the complaint filed herein was labeled 'Complaint For Declaratory Judgment (Contract),' it fails to set forth the particulars of any controversy requiring a determination by the court and hence fails to state a cause of action in this regard. Kleck v. Wayland, 53 Ariz. 432, 90 P.2d 179 (1939); Connolly v. Great Basin Ins. Co., 6 Ariz.App. 280, 431 P.2d 921 (1967). A reading of the complaint clearly demonstrates that the plaintiffs are seeking the recovery of money, not a declaratory judgment. A declaratory judgment is one that declares the rights and duties, or the status, of parties, and does not involve executory or coercive relief. 22 Am.Jur.2d Declaratory Judgments § 1, at 836; 26 C.J.S. Declaratory Judgments § 1, at 50." 6 Ariz.App. at 558–559, 435 P.2d at 65.

▮ Despite our acceptance of the well-pleaded facts of the complaint as true for purposes of testing the propriety of granting the defendants' motions to dismiss, Kalmanoff v. Weitz, 8 Ariz.App. 171, 444 P.2d 728 (1968), we find no error in the challenged ruling. When, as here, the facts appearing from the face of the complaint justified the trial court in concluding that the declaration sought by the plaintiff, i. e., that he was entitled to the specific amount of commission, was not

proper, the granting of the defendants' motions was correct. Iman v. Southern Pacific Company, 7 Ariz.App. 16, 435 P.2d 851 (1968) and cases cited therein; Garcia v. Motor Vehicle Indemnification Corporation, 18 A.D.2d 62, 238 N.Y.S.2d 195, 7 A.L.R.3d 817 (1963).

▮ We have no quarrel with plaintiff's contention that the statute of frauds did not operate as a bar to an action for its realty commission. The statute does not require a formal listing agreement, as the defendants argue, and the escrow instructions were a sufficient memorandum to satisfy the statute. Sanstrum v. Gonser, 140 Cal.App.2d 732, 295 P.2d 532 (1956); see also Maslin v. Rucker, 7 Ariz.App. 257, 438 P.2d 326 (1968). The chief element required to be shown in writing in order to comply with the statutory requirement that an agreement employing a broker to purchase or sell realty for compensation must be in writing and subscribed by the party to be charged is the *fact* of employment of the broker to act for the party sought to be charged. Pacific Southwest Development Corporation v. Western Pacific Railway Company, 47 Cal.2d 62, 301 P.2d 825 (1956); McAlister v. Cooper, 91 Ariz. 191, 370 P.2d 767 (1962); Allen v. Gindling, 136 Cal. App.2d 21, 288 P.2d 130 (1955). These escrow instructions constituted a sufficient memorandum of the promise sought to be enforced since the subject matter of the realty commission was stated with reasonable certainty. Durham v. Dodd, 79 Ariz. 168, 285 P.2d 747 (1955); McAlister v. Cooper, supra.

▮▮ As a general rule, in the absence of a specific contract to the contrary, when a real estate broker has brought together the parties to a sale and they have fully agreed on the terms and have entered into a binding contract for such sale, the broker's commission is fully earned. Lockett v. Drake, 43 Ariz. 357, 31 P.2d 499 (1934); Bass Investment Company v. Banner Realty, Inc., 103 Ariz. 75, 436 P.2d 894 (1968); Briskman v. Del Monte Mortgage Company, 10 Ariz.App. 263, 458 P.2d 130

(1969). Under these circumstances, the broker's right to compensation is not defeated by the purchaser's refusal to perform. Although generally the broker does not assume this risk of nonperformance, such performance may be a prescribed condition of his right to payment of a commission. See Maslin v. Rucker, supra; 12 Am.Jur.2d, Brokers § 195.

■ Here, the escrow instructions direct the commission to be paid from the proceeds of cash payment. We see no distinction between the instant situation and one where the principal and broker contract for the payment of a commission only upon the happening of some specified contingency or the performance of a condition precedent. The plaintiff is relying upon an oral agreement and an agreement between third parties, to which it is not a party, to support its claim for a commission. It must therefore stand or fall on the latter agreement and if, as here, the sale is not consummated, no commission is due. Smith v. Frans Nelson and Sons, Inc., 214 Cal. 295, 5 P.2d 427 (1931); Sanstrum v. Gonser, supra; Ira Garson Realty Co. v. Brown, 180 Cal.App.2d 615, 4 Cal. Rptr. 734 (1960); Billings v. Rexford Park Apartments, 244 Cal.App.2d 317, 52 Cal.Rptr. 914 (1966); Paulsen v. Leadbetter, Cal.App., 72 Cal.Rptr. 819 (1968).

This principle is well-stated in Lawrence Block Company v. Palston, 123 Cal.App.2d 300, 266 P.2d 856 (1954):

"Where the only agreement to pay a broker a commission is contained in the contract between his principal and the customer, the broker's right to compensation is dependent upon performance of that contract. If a customer refuses to perform, or if the contract is cancelled or rescinded, the broker cannot recover. In such cases the broker, not having the protection of the ordinary broker's contract for compensation for service to be performed, must stand or fall on the contract actually entered into; and if he has seen fit to allow payment of his compensation to be dependent upon the performance of a contract made between parties other than himself, he cannot complain if, through the nonperformance of that contract, his own contingent rights be lost." 266 P.2d at 860.

Since the plaintiff affirmatively alleged that the sale was not consummated, dismissal was appropriate. Billings v. Rexford Park Apartments, supra

■ We summarily dispose of the remaining counts of plaintiff's complaint as stating no claim for relief. There being an express contract, recovery on quantum meruit is precluded. The count based on the vendor's refusal to sue for specific performance is likewise without merit. A vendor has no duty to sue for specific performance in order to bring about the contingency upon the occurrence of which a broker's commission is payable. Beattie-Firth, Inc. v. Colebank, 143 W.Va. 740, 105 S.E.2d 5, 74 A.L.R.2d 431 (1958); Hamrick v. Cooper River Lumber Company, 223 S.C. 119, 74 S.E.2d 575 (1953); Hilsenrath v. Dale Holding Corporation, Sup., 37 N.Y.S.2d 134 (1942); Cate v. Madden, 165 Tenn. 371, 55 S.W.2d 262 (1932). As stated in Beattie-Firth, Inc. v. Colebank, supra:

"* * * and we would hesitate to enunciate a rule which would require a vendor whose promise is so conditioned to engage in expensive and perhaps fruitless litigation in order that a broker might become entitled to a commission. A burden so onerous cannot be imposed by implication." 105 S.E.2d at 9.

■ Finally, as to the count asserting the buyer's willful nonperformance of his contractual obligation, the plaintiff pleaded no relationship between the defendant buyer and itself which created a duty owed to the plaintiff.

The plaintiff's complaint having failed to state a claim for relief against the respective defendants, the trial court did not

err in granting the defendants' motions. The judgments of dismissal are affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.