501 P.2d 49

**Wilbur RICHEY et al., Appellants,**

v.

**The CITY OF PHOENIX, a municipal corpo-
ration, et al., Appellees.**

**No. 1 CA–CIV 1625.**

Court of Appeals of Arizona,
Division 1,
Department B.
Sept. 26, 1972.
Review Denied Nov. 21, 1972.

---

Carson Rendel, in pro. per.

Gary K. Nelson, Atty. Gen., by John S. O'Dowd, Asst. Atty. Gen., Phoenix, for appellees.

---

Herbert B. Finn and Galen H. Wilkes, Phoenix, for appellants.

Joe R. Purcell, City Atty., by Barry Leverant, Alan K. Polley, Ben P. Marshall, Asst. City Attys., Phoenix, for appellees.

EUBANK, Judge.

The only question raised by this appeal is whether the trial judge abused his discretion by dismissing appellants' class action for a declaratory judgment.

On June 3, 1970, appellants filed their complaints against the appellees under the Uniform Declaratory Judgments Act (A. R.S. §§ 12–1831 through 12–1846) praying for judgment as follows:

"2. That the plaintiffs *obtain* on the behalf of themselves and all of those similarly situated employees of the City of Phoenix *a declaratory judgment determining that all manual labor performed by employees of the City of Phoenix,* both skilled and unskilled, *to be hazardous under the terms of the laws* and statutes of the State of Arizona made and provided therefor unless that at the time that this matter is called for hearing the new provisions are made for full application of all available mechanical safeguards for the operation·of mechanical equipment utilized by the City of Phoenix and for the establishment of safety procedures for the performance of labor by the employees of the City of Phoenix." (Emphasis added).

Neither the statutes allegedly requiring construction nor the job descriptions involved were designated or described by the appellants. On June 12, 1970, appellees filed their motion to dismiss the complaint, in part, on the basis that the complaint failed to state a claim upon which relief could be granted "because no justiciable issues are raised in said complaint for declaratory judgment." (This Rule 12(b) par. 6 motion to dismiss, Rules of Civil Procedure, 16 A.R.S., is treated as one for summary judgment under Rule 56, Rules of Civil Procedure, 16 A.R.S., and the Rules of Civil Procedure govern declaratory

judgment procedure. Rule 57, Rules of Civil Procedure, 16 A.R.S.). Appellants answered by filing a "Motion in Opposition to Dismiss" which stated that "all the manual labor jobs now performed by the city employees are hazardous under A.R.S. § 23–803.", and that they face a "real and present problem created by Employer's Liability Act, A.R.S. § 23–801, 23–808 and Workmen's Compensation Act, A.R.S. §. 23–906, 23–1087 (as amended)" in that they do not know for certain under which act to make a claim for injury. Appellants contend that if their work positions are declared "hazardous" by the declaratory judgment an injured workman will have a. sound basis to determine whether to accept the benefits of the Employer's Liability Act or the Workmen's Compensation Act. In support of their motion, appellants included an affidavit executed by one of the appellants which is too long to set out herein, as it contains nineteen numbered paragraphs, of which paragraph number one is illustrative:

"That the following are hazardous jobs performed by City employees of Phoenix, particularly, but not limited to:

1. All jobs performed by City employees which entail the use of compressed air or those jobs which are in a close proximity to the use of compressed air. This includes, but is not limited to, jackhammers, sandblasting, air pressure used to clean truck, mower and other mechanical and non-mechanical parts, air pressure which is used to blow and clean gas tanks, the use of water tanks which are driven by air pressure, paint spray rigs, air compressors used to pump up· tires, hydraulic lifts, limb lobbers or tree trimmers which are operated by com-. pressed air."

Appellees replied to the appellants' motion. in opposition, and following oral argument the trial court granted appellees' motion to· dismiss, stating:

"Without determining whether the: Complaint states a claim, the Court, in.

the exercise of the discretion granted it under A.R.S. 12–1836, refuses to render a declaratory judgment herein for the reason that such a judgment, if rendered, would not terminate the uncertainty giving rise to this proceeding inasmuch as any change in working conditions, however slight, after the entry of such declaratory judgment, and before an employee's suit under the Employer's Liability Act would, of necessity, require a new and independent determination of the 'hazardous' feature of the working conditions."

The appellants appeal from this judgment of dismissal.

The quotations cited from appellants' pleadings, together with the full record, clearly show that there is no actual or existing dispute or controversy between the parties, but that appellants, as illustrated by paragraph number one of the affidavit set out above, apparently desire an advisory judgment which will settle the factual issue of what constitutes a "hazardous job" in future cases. The affidavit is uniquely similar to the plaintiff's complaint in Kleck v. Wayland, 53 Ariz. 432, 90 P.2d 179 (1939) where the Supreme Court affirmed the trial court's dismissal of a declaratory judgment action on the basis that there was no actual controversy between the parties, and said:

"Plaintiff is anticipating that in the course of time situations will arise when he should be informed whether what he is doing, or about to do, should be classed as agricultural labor or labor for which he should contribute to the unemployment compensation fund. He would have the court cover the whole field in one case and put a stop to all possible future controversies as to what is or is not agricultural labor under the unemployment compensation law. This would be fine for employers as well as the commission but the law insists that there

must be an actual controversy upon a present state of facts and not an anticipated one upon an assumed state of facts. It must be a real controversy and not a hypothetical or fictitious one." (53 Ariz. at 439, 90 P.2d at 182).

This is the basis for the Supreme Court's later statement that a declaratory judgment will be granted only when there is a "justiciable issue between the parties", and that:

". . . No proceeding will lie under the declaratory judgment acts to obtain a judgment which is advisory only or which merely answers a moot or abstract question . . . ."

Arizona State Board of Directors for Junior Colleges v. Phoenix Union High School District, 102 Ariz. 69, 73, 424 P. 2d 819, 823 (1967).

*See also* Iman v. Southern Pacific Co., 7 Ariz.App. 16, 435 P.2d 851 (1968); Manning v. Reilly, 2 Ariz.App. 310, 408 P.2d 414 (1965).

In granting the motion to dismiss, the trial court relied on A.R.S. § 12–1836 which reads as follows:

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

Our review of the record confirms the trial court's view that the case at bar was not a proper subject for declaratory judgment. In our opinion the trial court properly exercised its discretion by granting the motion to dismiss.

We were not called on to determine whether this action was a proper class action and we express no opinion in that regard.

Judgment is affirmed.

HAIRE, C. J., Division 1, and JACOBSON, J., concur.