540 P.2d 671

Marshall C. DONALDSON, Stanley Kessel-
man and Veda Kesselman, husband
and wife, Appellants,

v.

John LeNORE and Marjorie A. LeNore, hus-
band and wife, and Geneva C.
Sizemore, Appellees.

No. 11724.

Supreme Court of Arizona,
In Division.

Sept. 23, 1975.

Engdahl, Jerman, Butler & Estep, by Dean Estep, Phoenix, for appellants.

Behrens, MacLean & Jacques, by William F. Behrens, Phoenix, for appellees LeNore.

Arthur Van Haren, Jr., Phoenix, for appellee Sizemore.

HOLOHAN, Justice.

Plaintiffs, assignees of a broker's real estate commission, brought suit against defendants, vendors of the subject property, to recover from defendants the balance allegedly owed on the commission. The trial court, sitting without a jury, rendered judgment in favor of the defendants, and plaintiffs appealed.

Appellants (plaintiffs) contend that the trial court erred in ruling that the real estate commission was payable only out of the payments to be received from the purchasers pursuant to the contract of sale. Appellants also contend that appellees were estopped to deny liability for the balance of the commission because of a statement sent to them by appellees' attorney.

■ It has become familiar law that, "in the absence of a specific contract to the contrary, when a real estate broker has brought together the parties to a sale or exchange of real estate, and they have agreed fully on the terms and entered into a binding contract for such sale or exchange, his duties are at an end and his commission is fully earned, and it is immaterial that the parties to the contract rescind mutually or that one or the other thereof defaults and the sale or exchange is not fully effected." *Lockett v. Drake,* 43 Ariz. 357, 360, 31 P.2d 499, 500 (1934); *Briskman v. Del Monte Mortgage Co.,* 10 Ariz.App. 263, 458 P.2d 130 (1969). Ordinarily, a broker does not assume the risk of nonperformance on the part of the purchaser. *Bishop v. Norell,* 88 Ariz. 148, 353 P.2d 1022 (1960). The vendor retains the capacity to protect himself in this respect by stipulating in the listing agreement that the broker's right to a commission is contingent upon the consummation of the sale. *Roseberry v. Heckler,* 84 Ariz. 247, 326 P.2d 365 (1958). There is authority which recognizes that when the vendor's promise to pay a commission is contained solely in a contract between the vendor and the prospective purchaser of the property, the vendor is released from his promise to pay the broker's commission if the prospective purchaser fails to complete his undertaking to purchase. *Lawrence Block Co. v. Palston,* 123 Cal.App.2d 300, 266 P.2d 856 (1954). This view, however, appears to be limited almost exclusively to California. 74 A.L.R.2d 431, 488. Our attention is directed to *Maricopa Realty & Trust Co. v. VRD Farms, Inc.,* 10 Ariz.App. 524, 460 P.2d 195 (1969), in which Division II of the Court of Appeals adopted the California rule. We believe that the better and majority rule is that originally pronounced by this Court in *Lockett v. Drake, supra.* We continue to adhere to that settled principle of law.

■ It has been recognized, however, that under a special contract by which commissions are made dependent upon some condition beyond that implied by the regular broker's contract, the purchaser's nonperformance is fatal to the recovery of commissions by the broker. *Green v.*

*Snodgrass,* 79 Ariz. 319, 289 P.2d 191 (1955); *Maslin v. Rucker,* 7 Ariz.App. 257, 438 P.2d 326 (1968); 12 Am.Jur.2d *Brokers* § 195. In the case at bar, the vendor and purchaser agreed in the acceptance to the purchase contract and receipt that the total amount of the commission, excepting $1,000.00, was to be paid pro rata from the balance of the sales contract. The acceptance provision provided, in part:

> I agree . . . to pay the broker . . . as commission the sum of six per cent—payable $500.00 COE—$500.00 upon receipt of $5000.00 [—] bal from contract secured at 7% payable on prorata basis of contract total . . . (dash supplied).*

This provision, in combination with the escrow instructions, indicate the intention of the parties to restrict payment of the commission to a particular fund, *i. e.*, escrow fund, which requires the continuing sufficiency of that fund as a condition precedent to the vendor's liability for the commission. Once monies ceased to be paid in escrow, the escrow agent was without power to execute his instructions and, consequently, the appellants' right to recover future commission payments terminated. We hold that in circumstances in which the vendor and broker expressly stipulate that the broker's right to a commission is contingent on the purchaser continuing to make payments into escrow, this provision shall govern the parties' rights.

■ The second issue presented for review is whether an estoppel arose against the appellees because of statements contained in a letter sent to appellants by ap-

pellees' attorney. The attorney had said, based upon investigative data as of that date, that the commission obligation was unconditional. The letter was received by the appellants eleven months subsequent to the assignment of the broker's commission and one month subsequent to the date of forfeiture. After receipt of the letter the appellants waited for payment for about six months, and, upon repudiation of the letter by appellees, appellants brought this action. The trial court held that the appellants had failed to demonstrate by clear and satisfactory proof that the appellees' attorney had full knowledge of the relevant facts pertaining to the subject matter at the time of issuing the statement and that appellants had not changed their position, or in any other manner had relied to their detriment, in response to the statement. It clearly appears that the lower court was correct in its ruling, and that the parties' legal rights had become fixed by the date of forfeiture which had occurred prior to the letter from the attorney. There is no evidence of prejudice to appellants' legal rights attributable to the statement of counsel, which it must be conceded was a statement respecting a legal proposition rather than a statement of fact. *See Ross v. Commissioner,* 169 F.2d 483, 496 (1st Cir. 1948); *People v. Stuyvesant Insurance Co.,* 261 Cal.App.2d 773, 68 Cal. Rptr. 389, 396–97 (1968).

■ Appellants contend that they were prejudiced by the letter from appellees' counsel because 1) they were denied notice of the forfeiture proceedings and 2) they refrained from asserting their legal rights upon learning of the forfeiture due to the assurances of forthcoming commission pay-

---

* The punctuation inserted appears consistent with a fair and logical reading of the acceptance provision and its correctness is reinforced by the wording of the commission instructions directed to the escrow agent. The commission instructions read as follows:

  A total commission of $9,900.00
  From the proceeds of the sale, $500.00
  From the $5,000.00 payment due us under the above numbered collection bearing no interest payable on or before June 1, 1970 you

are to pay $500.00 which shall not bear interest either.
The balance of $8,900.00 shall be paid in monthly installments of $90.00 or more on or before the 1st day of every month beginning July 1, 1969 with interest at 7% per annum from June 1, 1969 the interest to be first deducted from the regular monthly installment and the difference to be applied to the principal until paid in full.

ments expressed in the subject letter. We find this contention without merit. Appellants had no interest in the real property. Any rights which they had were based upon a contract between the seller and their assignor. The contract of assignment did not give them purchaser status or an interest in the real property. Since appellants were not parties to the agreement of sale, appellants retained, by virtue of the commission instructions to the escrow agent, merely a vested interest in a portion of the purchase price proceeds as they were deposited in escrow. *Valley National Bank of Arizona v. Byrne,* 101 Ariz. 363, 419 P.2d 720 (1966); *Demand v. Foley,* 11 Ariz.App. 267, 463 P.2d 851 (1970). This interest, however, did not entitle appellants to notice of the forfeiture proceedings. *See* 11 A.R.S. § 33–741.

■■ Appellants seek to avoid the necessity of proving reliance, an element normally required of estoppels, *Holmes v. Graves,* 83 Ariz. 174, 318 P.2d 354 (1957), by invoking quasi estoppel. Quasi estoppel differs from other forms of estoppel in that it appeals to the conscience of the court to prevent injustice by precluding a party from asserting a right inconsistent with a position previously taken by him, and does not require ignorance or reliance as essential elements. *Unruh v. Industrial Commission,* 81 Ariz. 118, 301 P.2d 1029 (1956); *Sailes v. Jones,* 17 Ariz.App. 593, 597 & n. 1, 499 P.2d 721, 725 & n. 1 (1972); 31 C.J.S. *Estoppel* § 107. It is necessary, however, that any representation made to the party claiming quasi estoppel must have been based upon full knowledge of the facts. *Cook v. Ball,* 144 F.2d 423, 438 (7th Cir.), *cert. denied,* 323 U.S. 761 (1944); *Sailes v. Jones, supra;* 31 C.J.S. *Estoppel* §§ 107–08. As previously noted, the trial court found that the appellants had not sufficiently demonstrated that the representation in question was made with full knowledge of the facts. In any event, the rights of the appellants were derivative and were explicitly set forth in the purchase contract and receipt of which appel-

lants were, or should have been, fully aware. We conclude, in light of the evidence before us, that no unjust or unconscionable result occurred by the appellees having repudiated the statement characterizing the commission as unconditional.

Affirmed.

LOCKWOOD and HAYS, JJ., concurring.

Note: Justice FRANK X. GORDON, Jr. did not participate in the determination of this matter and retired Justice LORNA E. LOCKWOOD sat in his stead.