OPINION OF THE COURT
Alan L. Lebowitz, J.
The issue presented by this order to show cause, to wit: whether an uninsured corporation which dispatches an automobile owned and operated by others is a "qualified person” under article 52 of the Insurance Law, is one of first impression in this jurisdiction.
Defendant P & E Car Service contends that it is a qualified person under article 52 and, as such, seeks an order directing the Motor Vehicle Accident Indemnification Corporation (MVAIC) to defend it.
*668 MVAIC argues that because P & E Car Service was a dispatcher service and did not own or operate a motor vehicle, that it is therefore not entitled to representation by MVAIC.
The pertinent facts are as follows: On April 8, 1989, defendant P & E Car Service dispatched an automobile owned and operated by defendant Djaya, an independent contractor, to drive plaintiff George Cortez. Plaintiff alleges that while he was in the vehicle, the front right door opened and he was partially thrown out of the vehicle, sustaining injuries. It is uncontroverted that the vehicle in which plaintiff was a passenger was neither owned nor operated by defendant P & E. It is also undisputed that Djaya was not an employee of P &E.
Defendant Djaya’s insurance company initially assigned an attorney to represent him, but later disclaimed liability because his policy specifically excluded coverage while the vehi- . cle was utilized for livery purpose. Thereafter, MVAIC assigned an attorney to represent him.
Defendant P & E carried no liability insurance coverage for vehicles owned and operated by independent contractors.
The question of whether a car service is a "qualified person”, and therefore entitled to MVAIC representation under the Insurance Law, is a novel one in this jurisdiction. The court, therefore, searched the legislative history of article 52 to ascertain the legislative intent.
Article 52 of the Insurance Law was enacted because the Legislature determined that various situations existed in which there was no provision for the payment of loss on account of injury to or death of persons, who through no fault of their own, were involved in motor vehicle accidents. (Insurance Law § 5201 [b].) One such situation was that of persons injured by insured motor vehicles where the insurer disclaimed liability or denied coverage. (Insurance Law § 5201 [b] [6].) In order to best serve the public interest the Legislature created MVAIC. (Insurance Law § 5201 [a].)
The legislation defines a "qualified person” as: "a resident of this state, other than an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle, or his legal representative”. (Insurance Law § 5202 [b] [i]; emphasis added.) Since defendant P & E was not a passenger in the car at the time of the accident, it clearly is not a qualified person under the definition set forth in section 5202.
Only qualified persons having a cause of action resulting in *669 death or bodily injury arising out of a motor vehicle accident are entitled to protection provided by MVAIC. (Insurance Law § 5208.) Section 5209 (b) of the Insurance Law provides: "The corporation may through counsel appear and defend in any action on its own behalf and on behalf of a defendant and take any other steps it deems appropriate including any appropriate method of review.” This language clearly grants MVAIC the discretion to defend an action it deems appropriate.
The Court of Appeals has recognized that MVAIC was "intended to give the same protection to a person injured in an accident caused by an uninsured automobile as he would have if he had been injured in an accident caused by an automobile covered by a standard policy” (McCarthy v Motor Vehicle Acc. Indemnification Corp., 12 NY2d 922, 924 [1963]; see also, Garcia v Motor Vehicle Acc. Indemnification Corp., 18 AD2d 62 [1st Dept 1963]).
There is nothing in the legislative history, statute, or case law regarding article 52 which indicates that defendant P & E is a "qualified person” entitled to MVAIC representation.
Accordingly, defendant P & E’s motion for an order compelling MVAIC to defend it is denied.